Lillian Taylor Štajnbaher
International Law Partners, LLC
2122 Hollywood Boulevard
Hollywood, Florida 33020
Tel: 954 374 7722 | Fax: 954-212-0170
Lstajnbaher@ilp.law

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF CALIFORNIA
WESTERN DIVISION

ANTHONY PHILLS,

    Plaintiff,

vs.

GIA FEY,

    Defendant

Case No.: Number

COMPLAINT

PLAINTIFF ANTHONY PHILLS, (hereinafter "PLAINTIFF"), files this Complaint against the DEFENDANT GIA FEY (hereinafter "DEFENDANT), seeking an accounting and compensatory damages for breach of contract, in quantum merit, and statutory or other damage for copyright infringement, as well as punitive damages and attorneys fees and costs, and such other relief as grounds therefor allege, as follows:

INTRODUCTION

1. PLAINTIFF is an individual and graphic designer who designed a logo concept at the request of DEFENDANT. That design concept is the subject of Copyright Registration No. VA0002207406 ("the Image"), issued on or around May 27, 2020.

COMPLAINT - 1

2. Attached hereto and incorporated by this reference as Exhibit A is a true and correct copy of PLAINTIFF's designs the subject of the Registration.

3.

## JURISDICTIONAL ALLEGATIONS

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1337, and 1343, as the central fact giving rise to this dispute is a verbal contract entered within the state and county, and the violation of PLAINTIFF's exclusive entitlement to create copies and derivatives of copyrights, a field preemptive by federal law, and as the DEFENDANT operated within the Court's jurisdiction during all pertinent times;

5. DEFENDANT GIA FEY is now, and to the extent known, at all time mentioned in this complaint was a resident of Los Angeles, California, and subject to this court's personal jurisdiction.

6. Venue is proper in this Court because the DEFENDANT operated business within the Court's jurisdiction, and the objectionable conduct occurred in the venue where the court is located.

## COUNT I
## BREACH OF CONTRACT

7. PLAINTIFF adopts and re-alleges paragraphs 1 through 6 as if fully set forth and incorporated herein.

8. On or about February 11, 2013, PLAINTIFF and DEFENDANT agreed that PLAINTIFF would develop a brand name and design a logo for DEFENDANT's use, in exchange for a royalty on their use at the rate of 10% of any and all revenue derived from the sale of goods, marketed with or bearing the logo design. Plaintiff attempted memorialization of

COMPLAINT - 2

that agreement, setting forth the terms referenced herein, in attachment to an email dated July 27, 2013.

9. PLAINTIFF did proceed to develop the trade name BODY BY GIA and to design a logo for DEFENDANT's business, formally organized as BODY BY GIA LLC. Attached hereto and incorporated by this reference as EXHIBIT A is a true and correct copy of underlying deposit materials submitted for copyright registration No. VA0002207406. PLAINTIFF is the sole and exclusive owner of all copyright interest in the Image, in all iterations.

10. In or around January 21, 2013, independent of PLAINTIFF's knowledge or consent, DEFENDANT had designed a derivative of the logo (the "Image") which derivative, here presented,

was utilized to advertise goods and services, and caused to be a source of, and trademark used in connection with the distribution of goods.

The logo became the thematic and core image of DEFENDANT's social media campaigns, website, training videos, blogs, and merchandise through 2020, and continues in use.

11. Plaintiff has never sought approval of the derivatives, has never provided Plaintiff with attribution in association with any of her usages, never provided any kept documentation of use for Plaintiff, provided no accounting to Plaintiff, never tendered payment to Plaintiff, and has never provided Plaintiff with access to books and records, reflective of use of the Image.

//

//

COMPLAINT - 3

## COUNT II
## PROMISSORY ESTOPPEL

12. PLAINTIFF adopts and re-alleges paragraphs 1 through 8 as if fully set forth and incorporated herein.

13. PLAINTIFF refrained from charging DEFENDANT an hourly or flat fee for preparation and delivery of the Image, based upon DEFENDANT's promise to pay a royalty.

14. The agreed rate of royalty of 10% is within the scope of what is customary and ordinary in the industry in support of a entrepreneur who has limited cash, given PLAINTIFF's skill and acclaim, and the risk that if the business was not successfully, payment would not be made.

15. PLAINTIFF fully and reasonably relied on DEFENDANT's promise that if and when she became successfully, she would honor the agreement and pay the royalty.

16. PLAINTIFF, in or around spring or 2020, discovered that his detrimental reliance by deferring receipt of compensation resulted in DEFENDANT'S indebtedness, when PLAINTIFF saw the word trademark BODY BY GIA and the Image prominently appearing in major magazine and news outlets and articles, and for the sale of branded products, business fitness clothing and water.

17. Upon receipt of notice, DEFENDANT claimed she did not like PLAINTIFF's work, so instead developed the derivative, expiating her from responsibility to pay the royalty.

18. DEFENDANT enjoyed and continues to enjoy the benefit of the bargain that was made for years, while PLAINTIFF has enjoyed no compensatory benefit.

//

//

COMPLAINT - 4

## COUNT III
## INFRINGEMENT

19. PLAINTIFF adopts and re-alleges paragraphs 1 through 6 and 8 as if fully set forth and incorporated herein.

20. Defendant copied protected elements of Plaintiff's referenced artwork, and made derivatives thereof without authorization.

21. Plaintiff utilized the protected elements and/or derivatives in marketing and advertising of services, to brand a store selling fitness attire and subscriptions to videos, and in other-branding with a third party, to marketing water.

22. The infringing distribution of the Image adversely and negatively affected the market for the Image, in fact, entirely usurping its commercial value, precluding its use for a different customer or purpose, resulting in extensive economic damage to PLAINTIFF.

## COUNT IV
## INTENTIONAL INFRINGEMENT

23. PLAINTIFF adopts and re-alleges paragraphs 1 through 10, and 14 through 17, as if fully set forth and incorporated herein.

24. DEFENDANT received notice of infringement, and an opportunity to provide an accounting and pay the royalties, at least as early at February of 2021, when she acknowledged receipt of notice from the undersigned, that was first dispatched in November of 2020.

25. DEFENDANT'S unlawful uses of derivative content, was expressly admitted to be willful and deliberate, were intended to avoid and disregard the PLAINTIFF's ownership copyrights in the Image, and constitute intentional infringement.

26. After repeated demands, DEFENDANT removed the infringing content in substantial part, but has continued to advertise utilizing the Image, and has failed and refused to provide an accounting or to pay any royalties.

27. As a direct and proximate cause of Defendant's willful infringements, Plaintiff was damaged, and is entitled to an aware of copyright damages.

## COUNT IV
## EQUITABLE RELIEF

28. PLAINTIFF adopts and re-alleges paragraphs 1 through 8, as if fully set forth and incorporated herein.

29. Upon receipt of Notice of Breach and Demand for an Accounting of sales and revenue, DEFENDANT refused to comply, and refused access to books, records, and other documentation reflecting of the royalty due.

30. PLAINTIFF seeks specific performance, to force the full and complete accounting of the revenue from BODY BY GIA goods and subscriptions, from which DEFENDANT is required to pay PLAINTIFF a royalty.

31. PLAINTIFF additionally continues using legacy videos to promote her business, heavily branded with Plaintiff's work and particularly fitness attire.

32. As DEFENDANT is fully capable of taking corrective actions, and PLAINTIFF has no means of impeding or curtailing the use, the Court's granting of an injunction, these remedies in equity are warranted.

## PRAYER

WHEREFORE, PLAINTIFF respectfully requests that this Court grant judgment against DEFENDANT:

COMPLAINT - 6

    a. ordering DEFENDANT to provide an accounting of all revenue earned from the sale and subscription to goods while utilizing the trade name and Image, whether directly or through the entity entitled BODY BY GIA or BODY BY GIA LLC, from January 2013 to date;

    b. for compensatory damages in an amount equal to ten percent (10%) all revenue derived by DEFENDANT from date of first use of the BODY BY GIA trade name and image as her trademark, to date;

    c. for statutory damages for copyright violation in the amount of $150,000;

    d. for punitive damages for willful, deliberate, and intentional copyright infringement in an amount equal to three times the amount of royalties due or statutory damages, whichever is greater;

    e. for recovery of PLAINTIFF's attorneys' fees, costs and expenses of this proceeding;

    f. permanently enjoining continued use and distribution of the BODY BY GIA logo; and

such other and further relief as the Court deems appropriate.

Dated this 12th day of October, 2022,

                                                   Respectfully,

                                                 INTERNATIONAL LAW PARTNERS LLP
                                                 *Counsel for Anthony Phills*
                                                 2021 Hollywood Blvd
                                                 Hollywood, Florida 33020
                                                 Tel.: (954) 374-7722
                                                 Email: lstajnbaher@ilp.law

                                                         */lilliantaylorstajnbaher/lths/101222/*
                                         By:_____
                                                 Lillian Taylor Stajnbaher
                                                 California State Bar No. 126753

COMPLAINT - 7