UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

Not Present  Not Present

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion for Rule 11 Sanctions, Defendant's Second Motion for Attorneys' Fees, Defendant's Motion for Order to Show Cause, and Plaintiff's Response to the Court's Order to Show Cause [DEs 96, 103, 110, 114]**

## I.     INTRODUCTION

On June 6, 2023, Anthony Phills ("Plaintiff") filed a First Amended Complaint ("FAC") against Gia Fey ("Defendant") alleging a federal claim under the Copyright Act and several related state law claims. (ECF No. 40.) On August 3, 2023, the Court dismissed the Copyright Act claim as time barred. (ECF No. 62.) On the same day, the Court dismissed Plaintiff's remaining claims for lack of subject matter jurisdiction. On October 10, 2023, the Court ordered Plaintiff to pay Defendant $29,293 in attorneys' fees. Following the entry of that Order, Plaintiff filed a trio of Motions (the "Three Motions"): (1) a Motion for Reconsideration; (2) a Motion for Permanent Injunction; and (3) a Motion to Extend Time to appeal. On November 2, 2023, Plaintiff withdrew the third Motion. On November 7, 2023, the Court denied Plaintiff's remaining Motions. In its November 7, 2023 Order, the Court noted that Plaintiff's counsel had demonstrated a pattern of unprofessionalism and ordered her to show cause in writing why she should not be sanctioned under Local Rules 11-9 and 83-7.

Presently before the Court are: (1) Defendant's Motion for Rule 11 Sanctions (ECF No. 103); (2) Defendant's second Motion for Attorneys' Fees (ECF No. 110); (3) Plaintiff's Response to the Court's Order to Show Cause (ECF No. 114),[1] and (4) Defendant's Motion for Order to Show Cause regarding Plaintiff's alleged noncompliance with the Court's order to pay attorneys' fees (ECF No. 96). For the

---

[1] In the interest of judicial economy, the Court permitted Plaintiff to respond to both Defendant's Motion for Rule 11 Sanctions and the Court's Order to Show Cause in a single filing. (ECF No. 108.) Instead, On November 28, 2023, Plaintiff filed a "Response to Motion for Order to Show Cause and Opposition to Request for Attorneys' Fees." (ECF No. 114.) Although the styling of this Response would appear responsive to neither the Rule 11 Motion nor the Court's Order to Show Cause, the Court liberally construes the filing as responsive to: (1) Defendant's Motion for Rule 11 Sanctions; (2) Defendant's Motion for Attorneys' Fees; and (3) the Court's Order to Show Cause. The filing is not responsive to Defendant's Motion for Order to Show Cause, as the deadline to oppose that Motion was November 6, 2023.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

following reasons, the Court **GRANTS** the Motion for Rule 11 Sanctions, **DISCHARGES** the Order to Show Cause, and **DENIES** both Defendant's Motion for Attorneys' Fees and Motion for Order to Show Cause.

## II. FACTUAL BACKGROUND

### A. The Underlying Claims

This case involves the creation of a logo (the "Logo") by Plaintiff, a graphic designer, on behalf of Defendant, a personal trainer. Although the parties never reduced their agreement to writing, Plaintiff alleges that Defendant's use of the Logo exceeded the scope of whatever oral agreement they may have had. The parties agree that at least some of Defendant's use of the Logo was permitted under the oral agreement. The parties disagree, however, regarding other uses, including the Logo's use in Defendant's social media postings.

As the Court has explained numerous times in its previous orders, Plaintiff's federal copyright claim failed at the outset because it was untimely. Under applicable law, a copyright claim is untimely if filed more than three years after a plaintiff knows or reasonably should know of alleged infringement. Here, the Court determined that Plaintiff knew or reasonably should have known of Defendant's alleged infringement since at least 2016—roughly six years prior to the commencement of this litigation. The Court made this determination based on the fact that at least some of the alleged infringement occurred in 2015 and Plaintiff had emailed Defendant about the Logo's use in 2016. On August 3, 2023, the Court dismissed the federal copyright infringement claim (the "Dismissal Order"). Because Plaintiff solely asserted federal question jurisdiction, the Court dismissed the state law claims for lack of subject matter jurisdiction.[2]

### B. Award of Attorneys' Fees

On August 16, 2023, Defendant moved for attorneys' fees pursuant to 17 U.S.C. § 505, which permits courts to award attorneys' fees to prevailing parties in unreasonable copyright infringement actions. In his Opposition to the Motion, Plaintiff argued, for the first time, that his claim was neither untimely nor unreasonable because Defendant's infringement was ongoing.

---

[2] The Court dismissed the state law claims before reaching their merits. It appears, however, that Plaintiff's breach of contract claim was also untimely. Moreover, it appears that Plaintiff's counsel was aware that the claim was untimely at least as early as May 12, 2023, when she stated in an email to Defendant's counsel, "Did I not say that the S/L had run on the contract claim . . . ?" (Hughley Smith Decl., Ex. D, ECF No. 103-1.) Despite this apparent admission that the breach of contract claim was untimely, Plaintiff reasserted the claim in the FAC on June 6, 2023. On June 29, 2023, Plaintiff's counsel unequivocally conceded that the contract claim was time barred, stating in an email to Defendant's counsel, "I conceded that the contract claim was time barred. . . ." (Hughley Smith Decl., Ex. C, ECF No. 103-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
| Title | *Anthony Phills v. Gia Fey* | | |

On September 19, 2023, the Court granted the Motion in part (the "First Attorneys' Fees Order"). (ECF No. 71.) Specifically, the Court determined that Plaintiff's copyright claim was objectively unreasonable, since Plaintiff's own email to Defendant indicated that he knew or reasonably should have known of the alleged infringement since at least 2016. The Court rejected Plaintiff's argument about ongoing infringement, reasoning that Plaintiff's failure to present a theory of ongoing infringement at an earlier point "underscore[d] the unreasonable nature of [the] litigation." (*Id.* at 4.)

Because Defendant failed to include an itemized billing report with the Motion, the Court could not assess the reasonableness of the fees sought. Accordingly, the Court ordered Defendant to submit an itemized billing report within seven days of the Order's issuance. The Court further advised Plaintiff that he would be permitted to object to the itemized billing report within seven days of its filing.

The Court's express finding of Plaintiff's unreasonableness and imposition of attorneys' fees did not discourage further unreasonable actions. Instead, Plaintiff's unreasonable behavior increased significantly. On October 2, 2023—seven days after Defendant filed her itemized billing report—Plaintiff's counsel informed the Court that she could not comply with the Court's briefing schedule with respect to the itemized billing report. Plaintiff's counsel explained that she had just "returned from vacation . . . to discover" the filing of the itemized billing report and requested an extension of time to file an opposition. (ECF No. 74.) The Court denied Plaintiff's request for lack of good cause. (ECF No. 79.) On October 10, 2023, the Court ordered Plaintiff to pay Defendant $29,293 in attorneys' fees by October 24, 2023 (the "Second Attorneys' Fees Order"). (ECF No. 84.)

On October 23, 2023, Plaintiff filed a puzzling declaration stating that he had attempted to secure a bond and that he would "be able to deliver certified [sic] check for the funds to the court by October 31." (ECF No. 93.) On October 24, 2023, Plaintiff filed an Ex Parte Application seeking a stay of the Second Attorneys' Fees Order. (ECF No. 95.) The Court denied the Application, finding that Plaintiff created his own emergency by failing to timely object to the fees and filing the Application on the day the fees were due. (ECF No. 98.) The Court also clarified that Plaintiff was not required to pay a bond to the Court, and instead was required to pay attorneys' fees directly to Defendant. The parties appear to agree that Plaintiff ultimately paid attorneys' fees to Defendant on October 30, 2023.

### C. The Three Motions Seeking Relief

Meanwhile, Plaintiff's counsel filed the Three Motions seeking relief from the First Attorneys' Fees Order. On October 2, 2023—the same day that Plaintiff's counsel purportedly returned from vacation and was unable to review Defendant's five-page itemized billing report—Plaintiff filed a Motion for Reconsideration and Motion for Permanent Injunction. (ECF Nos. 73, 75.) Like many of Plaintiff's filings before and since, the Motions were stricken for procedural deficiencies. (*See, e.g.*, ECF Nos. 38, 49, 53, 102, 116.) On October 6, 2023, Plaintiff refiled the Motion for Reconsideration and Motion for Permanent Injunction along with an additional Motion to Extend Time to file an appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

(ECF Nos. 81–83.) Because these Motions form the basis for Defendant's request for sanctions, the Court describes each Motion.

### 1. *Motion for Reconsideration*

The Motion for Reconsideration is styled as a "Rule 60(b) Motion for Relief and Resubmission and Request for Reconsideration of Opposition to Motion for Attorneys [sic] Fees." In this Motion, Plaintiff argues that a reversal of the Court's previous orders is warranted under Federal Rule of Civil Procedure ("Rule") 60(b) because he had recently discovered that "Defendant has engaged surreptitiously in extraordinary extensive use of the logo she alleged to have stopped using." (Pl.'s Mot. for Recons. at 2 ,ECF No. 81.) Though not entirely clear, it appears that at some point in this litigation, Defendant agreed to remove the Logo from previous social media posts. Despite this apparent agreement, the Logo is still visible in many of Defendant's Instagram posts and YouTube videos. For example, Plaintiff contends that although Defendant removed a full-screen depiction of the Logo from the introduction of some YouTube videos, many of those same videos depict Defendant wearing apparel emblazoned with the Logo. Plaintiff included a 106-page compilation of screenshots from Defendant's social media in support of the Motion.

### 2. *Motion for Permanent Injunction*

In the Motion for Permanent Injunction, Plaintiff argues that injunctive relief is warranted because of the same "recently discovered" ongoing infringement complained of in the Motion for Reconsideration. Noticeably absent from the Motion, however, is any citation to legal authority. Had Plaintiff's counsel consulted legal authority, she likely would have learned that preliminary, rather than permanent, injunctive relief is the appropriate remedy prior to a court's adjudication of a claim's merits.

### 3. *Motion to Extend Time*

In the Motion to Extend Time, Plaintiff seeks to extend the deadline to file an appeal until after the resolution of the Motion for Permanent Injunction and Motion for Reconsideration. The Motion is unclear regarding which Order Plaintiff seeks to appeal, as it refers to both the Dismissal Order and the First Attorneys' Fees Order. Plaintiff acknowledges that he failed to timely appeal the Dismissal Order. Nevertheless, Plaintiff appears to argue that a time extension to appeal the Dismissal Order is warranted because (1) Plaintiff told Defendant that he would not appeal the Court's Dismissal Order if Defendant did not seek attorneys' fees; (2) the First Attorneys' Fees Order was issued after the deadline to appeal; and (3) Plaintiff was only unable to discover "Defendant's surreptitious infringement" after the time for appeal had passed.

While the Three Motions were Pending, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals appealing the First Attorneys' Fees Order. (ECF No. 85.) On October 20, 2023, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

Ninth Circuit determined that the pending Motion for Reconsideration rendered the Notice of Appeal procedurally improper and issued an Order staying all appellate proceedings. (ECF No. 94.) On November 2, 2023, Plaintiff filed a "Notice of Appellate Rule Making Moot Plaintiffs [sic] Motion to Extend Time for Appeal." (ECF No. 100.) In the Notice, Plaintiff references the Ninth Circuit's Order and withdraws the Motion to Extend Time as "moot."

After Plaintiff's withdrawal of the Motion to Extend Time, two of the Three Motions remained for the Court's review. On November 7, 2023, the Court denied both Motions. The Court first addressed the Motion for Reconsideration and determined that it was untimely. Additionally, the Court determined that Plaintiff would not be entitled to relief even if the Motion had been timely, since Defendant's publicly accessible social media activity was evidence that could have been discovered earlier with reasonable diligence. In the absence of a timely Motion to Reconsider, the Court denied the Motion for Permanent Injunction as procedurally improper. Finally, the Court ordered Plaintiff's counsel to show cause in writing why she should not be sanctioned for repeated violations of the Local Rules and for filing Motions that appeared to be frivolous.

### III. DISCUSSION

Presently before the Court are: (1) Defendant's Motion for Rule 11 Sanctions; (2) Defendant's Motion for Attorneys' Fees; (3) Plaintiff's response to the Court's Order to Show Cause; and (4) Defendant's Motion for an Order to Show Cause regarding Plaintiff's alleged noncompliance with the Second Attorneys' Fees Order. The Court begins by addressing the Motion for Rule 11 Sanctions.

#### A. **Defendant's Motion for Rule 11 Sanctions**

Under Rule 11, an attorney presenting a signed pleading to a court must certify "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that: (1) the pleading is not for an improper purpose; (2) the claims presented are warranted by existing law or by a nonfrivolous argument for extension, modification, or reversal of existing law; and (3) any factual contentions have evidentiary support, or are likely to have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). An attorney who violates Rule 11 may be sanctioned. Rule 11 sanctions should "discourage[] wasteful, costly litigation battles." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

In her Motion for Rule 11 Sanctions, Defendant argues that the Three Motions were filed for an improper purpose, are frivolous, and lack a reasonable factual basis. Defendant asks the Court to sanction Plaintiff's counsel, Lillian Taylor Stajnbaher, and her law firm, International Law Partners LLP, by ordering them to pay reasonable attorneys' fees incurred opposing the Three Motions and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
| Title | *Anthony Phills v. Gia Fey* | | |

drafting the Rule 11 Motion itself.[3] Sanctions under Rule 11 must be evaluated on both their procedural and substantive merits. The Court addresses each in turn.

    1.    *Procedural Requirements*

Under Rule 11, a motion for sanctions must be served upon the party against whom sanctions are sought at least twenty-one days prior to the motion's filing. Fed. R. Civ. P. 11(c)(2). This so-called "safe harbor" provision "give[s] the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis removed). Here, Defendant represents—and Plaintiff does not dispute—that the present Motion for Rule 11 Sanctions was served upon Plaintiff's counsel on October 16, 2023. Because service occurred more than twenty-one days prior to the Motion's filing on November 8, 2023, the procedural requirements of Rule 11 are satisfied.

    2.    *Substantive Merits*

Rule 11 prevents attorneys from filing motions intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Therefore, court filings must be both factually and legally reasonable. Fed. R. Civ. P. (11)(b)(2)–(4). An attorney's subjective intentions do not bear on a court's determination of the reasonableness of her actions. *See Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987) (reasoning that a "pure heart and empty head" do not excuse Rule 11 violations). When evaluating a Rule 11 motion, courts are required to consider two competing interests: (1) the interest in preventing vexatious litigation tactics and (2) the interest in promoting zealous advocacy. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). For this reason, a court should impose Rule 11 sanctions "only in the most egregious situations." *Id.* District Courts have broad discretion to impose appropriate sanctions, but "thorough explanations of their reasons for imposing sanctions" are desirable. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990).

Here, the lack of factual and legal foundation for each of the three Motions is sufficiently egregious to warrant Rule 11 sanctions, as the notion that Defendant's allegedly ongoing infringement was newly discovered evidence is belied by both the initial disclosures and the evidence itself. In Plaintiff's initial disclosures, emailed to Defendant on March 24, 2023, Plaintiff acknowledges that the Logo appears on Instagram and in "multiple YouTube videos." (Fey Decl., Ex. A, ECF No. 103-2.)

---

[3] Defendant argues that filing the breach of contract claim and Notice of Appeal are also sanctionable offenses but does not request sanctions in connection with those alleged offenses. Although the Court finds the allegations about Plaintiff's filing of a claim his attorney knew was time barred particularly disturbing, the Court declines to impose sanctions that Defendant did not request. Accordingly, the Court addresses only the alleged Rule 11 violations for which Defendant requests sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

Plaintiff appears to argue that, notwithstanding his earlier acknowledgment of the Logo's presence on Defendant's social media, he could not have reasonably discovered the alleged ongoing infringement because it was "surreptitious." Plaintiff suggests that Defendant merely removed the most prominent instances of the Logo from her social media posts, leaving infringing content deceptively hidden behind content that appeared to be non-infringing on its face. But Plaintiff's own before and after screenshots of Defendant's edited videos demonstrate that this is not true. At least two videos that previously began with a full-screen depiction of the Logo were edited to begin instead with Defendant wearing apparel prominently featuring the Logo. (Phills Decl., Ex. at 104, 106, ECF No. 81-2.) Because viewing the opening frames of the edited videos would have revealed the Logo's visibility, it was objectively unreasonable to suggest that the evidence was newly discovered in the Motion for Permanent Injunction and Motion for Reconsideration. Furthermore, Plaintiff's counsel implicitly conceded that she lacked a legal foundation for her Motion for Permanent Injunction when she failed to cite a single legal authority in support of the relief sought.

The Motion to Extend Time is similarly unreasonable. Plaintiff's objective in filing the Motion to Extend Time is unclear. Regardless, Plaintiff was apparently able to obtain the necessary relief by filing a procedurally improper Notice of Appeal with the Ninth Circuit that resulted in the Ninth Circuit imposing a stay on appellate proceedings pending the adjudication of the Motion for Reconsideration. Filing the Motion to Extend Time was clearly unnecessary.

Notably, Plaintiff's counsel does not directly address Rule 11 in her Response. Instead, Plaintiff's counsel generally argues that she should not be sanctioned because she reasonably requested injunctive relief and relief from the Attorneys' Fees Orders based on newly discovered evidence. For the reasons discussed above, this argument is unpersuasive. Plaintiff additionally suggests that the Court has endorsed the theory of continuing infringement, boldly stating, "the court ruled in its dismissal that the Defendant had infringed. The court ruled in its award of attorney fees, that if it had been given to understand that Defendant was engaging in continuing infringement, such conduct would indeed be actionable" [sic]. (Pl.'s Resp. at 7, ECF No. 114.) Plaintiff's contentions are flatly inaccurate. The Court has never found that Defendant infringed, since the Court never reached the substantive merits of Plaintiff's untimely infringement claim. Moreover, the Court explicitly stated that it made "no findings regarding the merits or reasonableness" of Plaintiff's theory of ongoing infringement, as such a theory "was not presented during the course of [the] litigation." (Min. Order at 4 n.1, ECF No. 71.)

In sum, the Three Motions violated Rule 11 because they were filed for an improper purpose, were frivolous, and lacked a reasonable factual basis. The Court next addresses sanctions.

    3.    *Sanctions*

Rule 11 sanctions "must be limited to what suffices to deter" future misconduct. Fed. R. Civ. P. 11(c)(4). A court may award a movant "part or all of the reasonable attorneys' fees and other expenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

directly resulting from the violation" as Rule 11 sanctions. *Id.* "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

Defendant requests $12,670 in attorneys' fees accrued in connection with opposing the Three Motions and drafting the present Rule 11 Motion. Because they are directly attributable to the Rule 11 violations, an award of these fees would be an appropriate sanction. The Court is unable to determine the reasonableness of the $12,670 sought, however, because Defendant once again fails to include an itemized billing report justifying these attorneys' fees. The Court has given Defendant an opportunity to supplement a request for attorneys' fees with a subsequent filing once before and declines to extend this courtesy a second time.

Defendant did, however, include an itemized billing report in support of her second Motion for Attorneys' Fees under 17 U.S.C. § 505, which appears to argue an alternative basis for attorneys' fees accrued in opposition to the Three Motions. (Hughley Smith Decl., Ex. A, ECF No. 110-1.) The Court has reviewed this billing report and determines that the fees reported in connection with the Three Motions, totaling $7,715, are reasonable. Accordingly, the Court Orders Plaintiff's counsel, Lillian Taylor Stajnbaher, and her law firm, International Law Partners LLP, to pay Defendant $7,715 in attorneys' fees.

### B. Defendant's Motion for Attorneys' Fees

As discussed briefly above, Defendant also seeks attorneys' fees associated with the Three Motions under 17 U.S.C. § 505. Because the Court has awarded these fees as Rule 11 sanctions, the Court **DENIES** the Motion.

### C. Plaintiff's Response to the Court's Order to Show Cause

In its Order denying the Motion for Reconsideration and Motion for Permanent Injunction, the Court noted that Plaintiff's counsel's filings had been stricken on numerous occasions for failure to comply with the Local Rules. The Court ordered Plaintiff's counsel to show cause in writing why she should not be sanctioned for these violations and for filing apparently frivolous motions.

Ironically, Plaintiff's Response contained nearly three pages of single-spaced text in contravention of Local Rule 11-3.6. Although Plaintiff's counsel re-filed the Response to "correct[] typographical and grammatical errors" and "polish[] the content for ease of comprehension," this "corrected" version still contains extensive single spacing. Despite the Court's instruction to refile a conforming copy, Plaintiff's counsel never did so. Moreover, although Plaintiff's counsel states that she has never intended to disrespect the court or the rules, her nonconforming filing does not even directly address the Court's Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07698-RGK-JPR | Date | January 4, 2024 |
|---|---|---|---|
| Title | *Anthony Phills v. Gia Fey* | | |

The Court requires adherence to the Federal Rules of Civil Procedure and Local Rules for good reason; these rules promote judicial efficiency and facilitate fairness. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (explaining that "the spirit of the Federal Rules of Civil Procedure" is to encourage just decisions on the merits). The Court has expended inordinate resources on this matter because Plaintiff and his counsel simply refuse to follow procedural rules. Although additional sanctions would be appropriate, the Court sincerely hopes that the Rule 11 sanctions imposed above sufficiently deter future misconduct. The Court warns Plaintiff, however, that it will not hesitate to impose additional sanctions if warranted in the future.

### D. Defendant's Motion for Order to Show Cause

Defendant asks the Court to issue an Order to Show Cause ordering Plaintiff to explain why he should not be held in contempt for his disobedience of the Court's Second Attorneys' Fees Order. A court may find any person who disobeys a "specific and definite court order" to be in civil contempt and may impose sanctions either to "coerce compliance" or compensate for any harm his contemptuous behavior caused. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003).

Here, contempt sanctions are inappropriate because Plaintiff substantially complied with the Court's order when he paid the fees, albeit nearly one week late. *See Dual-Deck Video*, 10 F.3d at 695 ("Substantial compliance with the court order is a defense to civil contempt.") (internal quotation marks omitted). Therefore, sanctions would not serve a coercive purpose. Similarly, contempt sanctions would not serve a compensatory purpose, since Defendant has not pointed to any harm she suffered from Plaintiff's tardiness. Accordingly, the Court **DENIES** the Motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Rule 11 Sanctions [103], **DISCHARGES** the Order to Show Cause, [108] and **DENIES** both the Motion for Attorneys' Fees [110] and Motion for Order to Show Cause [96]. Accordingly, the Court **ORDERS** Plaintiff's counsel and law firm to **pay $7,715 to Defendant within fourteen days** of this Order's issuance.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/ak |